Per Curiam.

It appears from the record that the plaintiff was the owner of the store, and that her husband devoted full time to its operation and was instrumental in its sale to the Pruntys. The vendor’s license to operate the store was in the name of the plaintiff, and she signed all papers relative to the sale. W. E. Palmer joined with her in signing, as “seller,” the agreement of sale, in which it is agreed as a part of the consideration to allow the purchasers to retain the name of ‘ ‘ Palmer Bargain Store” and to retain the goodwill of the business, and in which “the seller also agrees not to compete or enter into a business under the name ‘Palmer Bargain Store’ in the city of Columbus, Ohio, for a period of five years from the date of the execution of this agreement.”
After a considerable portion of the cognovit note had been paid, W. E. Palmer began running advertisements in a local newspaper for the sale and purchase of merchandise, some of the same kind as sold in the Pruntys’ store. At this point the Pruntys discontinued the weekly payments on the note, which resulted in the instant action. It is the contention of W. E. Palmer that he inadvertently signed the agreement as a party thereto instead of as-a witness.
The evidence is clear that plaintiff had no connection or interest in the business her husband was running in competí *575 tion with the Pruntys, and the trial court was correct in dismissing the cross-petition as to her. Since the defendant W. E. Palmer signed, as ‘ ‘ seller, ’ ’ the agreement of sale containing the above-quoted provision against competition, he is bound thereby, the trial court was correct in restraining him from continuing in a competitive business, and the. Court of Appeals was in error in reversing that part of the judgment. However, the Court of Appeals was correct in affirming that part of the judgment in favor of plaintiff for the balance due on the note.
The judgment of the Court of Appeals is affirmed so far as it affirms the judgment of the trial court and is reversed so far as it reverses such judgment.

Judgment affirmed in part and reversed in part.

Weygandt, C. J., Zimmerman, Stewart, Tart, Matthias, Bell, and Herbert, JJ., concur.